**Not for Publication in West's Federal Reporter**

# United States Court of Appeals

## For the First Circuit

No. 06-1099

UNITED STATES,

Appellee,

v.

RANLEC VLADIMIR JAVIER,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

[Hon. Ernest C. Torres, U.S. District Judge]

Before

Lynch, Circuit Judge,
Campbell and Selya, Senior Circuit Judges.

Damon M. D'Ambrosio on brief for appellant.
Robert Clark Corrente, United States Attorney, Donald C. Lockhart and Zechariah Chafee, Assistant United States Attorneys on brief for appellee.

August 3, 2007

**Per Curiam**.    In this direct criminal appeal, appellant Ranlec Vladimir Javier, who pled guilty to an illegal reentry offense under 8 U.S.C. § 1326(a) and (b)(2), challenges the district court's imposition of a sentence at the low end of the applicable Sentencing Guideline range.  We affirm.

Javier objects primarily to the district court's determination that his downward departure motion lacked merit. He fails to show that the court misapprehended either the law or its authority to depart, and so we cannot review its decision. United States v. Meléndez-Torres, 420 F.3d 45, 50-51 (1st Cir. 2005) (confirming that the court of appeals "lacks jurisdiction to review a sentencing court's refusal to depart downward based on its belief that the defendant's circumstances fail to warrant such departure").

Javier suggests further that the district court failed to make an individualized sentencing determination. However, the sentencing transcript confirms that the opposite is true.  The district court imposed a Guideline sentence after taking account of Javier's personal circumstances and considering the factors set out in 18 U.S.C. § 3553(a).

Finally, Javier argues that a "more reasonable" sentence would have resulted if his departure motion had been granted, but that argument is unavailing.  On appeal, we determine only whether the sentence imposed is reasonable, not

whether some other sentence would have been more reasonable. See United States v. Jiménez-Beltre, 440 F.3d 514, 519 (1st Cir. 2006) (en banc) ("Often, there can be more than one reasonable way of assessing a factor and more than one reasonable result.  Assuming a plausible explanation and a defensible overall result, sentencing is the responsibility of the district court.").

Affirmed.